UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Respondent,<br>　　-vs-<br>ANDREW DEAN PATTON,<br>　　　　　　　　　　Movant. | NO.　CR-03-2115-WFN<br>　　　　CV-05-3111-WFN<br><br>ORDER DENYING MOVANT'S<br>§ 2255 MOTION |

　　　Before the Court for hearing without oral argument is the underlying Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Ct. Rec. 189). The Motion was filed by Dawn Marie Reynolds on Mr. Patton's behalf. The Court directed the Government to also respond to grounds raised by Mr. Patton in a pro se § 2255 Motion related to prosecutorial misconduct and insufficiency of the evidence. The Government's response to the Defendant's § 2255 Motion was filed by James Hagarty on April 27, 2006 (Ct. Rec. 213). Ms. Reynolds, who was appointed to represent Mr. Patton on this Motion, did not file a reply but filed additional Motions, including:

- First Motion to A) Expand Record, B) Compel Production, filed 06/09/2006 (Ct. Rec. 215); Amended Motion to Expand Record, filed 06/12/2006 (Ct. Rec. 228); and Amended Motion to Compel Discovery, filed 06/12/2006 (Ct. Rec. 223); and
- First Motion for Evidentiary Hearing, filed 06/09/2006 (Ct. Rec. 218) and Amended Motion for Evidentiary Hearing, filed 06/12/2006 (Ct. Rec. 225).

The Government has responded to these additional motions.

ORDER DENYING
MOVANT'S § 2255 MOTION - 1

The Court has reviewed the record, including the transcripts of pre-trial hearings and trial, the extensive briefing on the motions, and is fully informed. For the reasons stated below that underlying § 2255 Motion, as well as the related motions, are denied.

## I. BACKGROUND

Mr. Patton was indicted July 8, 2003 with a co-Defendant, William Scribner (CR-03-2116-WFN), on one count of possession of a listed chemical (pseudoephedrine) with intent to manufacture a controlled substance (methamphetamine) in violation of 21 U.S.C. § 841(c)(1) (Ct. Rec. 12). Mr. Patton was represented by appointed counsel Tim Cotterell. A jury found Mr. Patton guilty as charged with an additional finding that there were 504 grams of pseudoephedrine (Ct. Rec. 148). Mr. Patton was sentenced on November 4, 2004, to 168 months incarceration and three years of supervised release (Ct. Rec. 157). The Court sentenced Mr. Patton under the then mandatory Guidelines.

Mr. Patton appealed his conviction and sentence (Ct. Rec. 160). On a limited remand from the Ninth Circuit Court of Appeals, the Court found there was no reasonable possibility that the sentence imposed in this case would have been materially different had the Court known that the Sentencing Guidelines were advisory rather than mandatory (Ct. Rec. 195).

As previously noted, this Court did appoint Mr. Patton's appellate counsel to represent Mr. Patton on this § 2255 Motion (Ct. Rec. 204) and requested that the Government respond to the ineffective assistance of counsel claim presented by appointed counsel as well as the grounds raised by Mr. Patton in his pro se § 2255 Motion which included ineffective assistance of counsel but also claims of prosecutorial misconduct and insufficiency of the evidence. *See* Court Order filed March 14, 2006 (Ct. Rec. 203).

## II. DISCUSSION

At this stage of the proceedings, the Court must determine if an evidentiary hearing is required. Rule 8, RULES--SECTION 2255 PROCEEDINGS (West 2006). An evidentiary hearing should be held unless "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief." 28 U.S.C. § 2255 (West 2006); *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, RULES--SECTION 2255 PROCEEDINGS (West 2006). Here, Mr. Patton filed a supplemental Motion for Evidentiary Hearing asserting there were occurrences outside the record that required a hearing. The Court will address these allegations in its discussion of the grounds for relief.

A movant is eligible for relief from this Court pursuant to 28 U.S.C. § 2255 only if he establishes that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) (a) the Court lacked either personal or subject matter jurisdiction; (b) the conviction or sentence is unconstitutional; (c) the conviction or sentence violates federal law; or (d) the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. The latter two categories, (c) and (d), are confined to errors that violate the Constitution; are "a fundamental defect which inherently results in a complete miscarriage of justice"; or are "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

The first requirement is satisfied as the record shows that Mr. Patton is in custody under a sentence of this Court. The second requirement is satisfied as Mr. Patton timely filed his § 2255 Motion. To satisfy the third requirement for relief, Mr. Patton has identified three grounds which will be considered in turn along with his supplemental motions.

**A. Ineffective Assistance of Counsel**. Mr. Patton argues that his trial attorney provided ineffective assistance of counsel by failing to accomplish a litany of tasks. The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* provides:

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, 466 U.S. at 686.

The first prong of the *Strickland* test requires that the movant show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Court's scrutiny of counsel's performance must be highly deferential and must attempt to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id.* quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). A mere difference of opinion over whether another lawyer might have approached a case differently in terms of strategy is insufficient to establish ineffective assistance of counsel. *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1254 (9th Cir. 1986).

The second prong of the *Strickland* test provides "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The standard requires a showing that there is a reasonable probability that, but for the counsel's errors, the results of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* A failure to make the required showing on either prong defeats the claim of ineffective assistance of counsel. *Id.* at 700.

ORDER DENYING
MOVANT'S § 2255 MOTION - 4

Mr. Patton's allegations of ineffective assistance of counsel will be noted and discussed in turn. See Memorandum in Support of Motion under 28 U.S.C. § 2255, filed 2/3/05, Ct. Rec. 198, p. 12.

1) **Failing to request a hearing on the issue of the waiver of right to counsel and voluntariness of the statement to DEA agents following arrest**. Mr. Patton asserts that defense counsel did not seek to suppress his confession made during the interview with the DEA agents. He states he asked to see an attorney, did not waive his rights, and did not confess. He also asserts that there was no second interview with the agents.[1] The assertions regarding his counsel's failure to act related to his confession are without a factual basis. Defense counsel filed a Motion to Suppress Statements, on May 14, 2004 (Ct. Rec. 109). The motion raised the issue of voluntariness and compliance with *Miranda*. An evidentiary hearing was held on the Motion on July 9, 2004, at which time the Court denied the motion finding that proper *Miranda* warnings were given, that his waiver was knowing and voluntary and that the statements were voluntary. See Order filed 7/9/04, Ct. Rec. 124 and Transcript of Hearing on 7/9/04, filed 12/29/04, Ct. Rec. 174, p.19. The Circuit reviewed the voluntariness of his waiver of rights and of his confession de novo and affirmed this Court. Memorandum Decision, filed 10/7/05, Ct. Rec. 186, p. 2. This allegation does not support the ineffective assistance of counsel claim.

2) **Failing to move to suppress the hearsay testimony of the DEA agents and raise the issue that the waiver of the right to counsel was not in writing and the confession was not taped.** At the suppression hearing, defense counsel did establish that

---

[1] The claim that there was no second interview is belied by Mr. Patton's own words, where in his first ground for relief he states "[t]he next day I was brought back in for two more hours of the same thing..." 18 U.S.C. § 2255 Motion filed 10/24/05, Ct. Rec 191, p.3.

ORDER DENYING
MOVANT'S § 2255 MOTION - 5

the interview with Mr. Patton was not taped. Transcript of Hearing on 7/9/04, filed 12/29/04, Ct. Rec. 174, p. 12. Appellate counsel raised these same issues on appeal and the Circuit held that the waiver of Miranda rights did not have to be in writing and government agents did not have to record Mr. Patton's confession in order for their testimony about it to be admissible. Memorandum Decision, filed 10/7/05, Ct. Rec. 186, p. 2. Since there was no legal basis for the argument, defense counsel was not obligated to make it. *Shah v. United States,* 878 F.2d 1156, 1162 (9th Cir. 1989)(counsel's failure to raise merit-less legal arguments does not constitute ineffective assistance of counsel).

On a supplemental Motion to Compel, Mr. Patton seeks disclosure of DEA's written policies and procedures for Conducting Custodial Interrogations. This information is not required as the Ninth Circuit has addressed the propriety of the interrogation procedures. This claim does not support a claim that defense counsel's performance was deficient.

**3) Failure to investigate, interview or call witnesses to rebut allegations that Mr. Patton was engaged in a large scale manufacture of methamphetamine.** The Court has reviewed the trial transcript and agrees with the Government, that the Government did not present or allege at trial that Mr. Patton was engaged in a large scale manufacture of methamphetamine. Thus there was nothing to rebut. Moreover, Mr. Patton fails to assert how this would be relevant to the charge against him. In his supplemental Motion to Expand the Record Mr. Patton asserts that defense counsel should have called witnesses to testify that his mother's house was not a drug house, but that alone would have been only tangentially relevant to whether, on the day in question, he possessed the pseudoephedrine with the intent to manufacture methamphetamine. Defense counsel was not ineffective for failing to pursue these issues.

On a supplemental Motion to Compel, Mr. Patton seeks the disclosure of the identity of any other persons investigated and indicted as a part of the criminal organization with whom the Government maintains Mr. Patton associated. The Government did explain that

ORDER DENYING
MOVANT'S § 2255 MOTION - 6

when the investigation began it was thought that there might be a larger organization, but the investigation in fact only lead to the indictment of Mr. Patton and Mr. Scribner.

**4. Failure to investigate entrapment and brief the court on the legal standard on entrapment, to request an entrapment instruction, and to argue sentencing entrapment**. A factual basis for these allegations is absent. Defense counsel briefed the issue of entrapment in his trial brief. Trial Memorandum, filed 7/12/04, Ct. Rec. 126. Defense counsel also proposed the Ninth Circuit jury instructions 6.2 and 6.3 on entrapment, (Proposed Jury Instructions, filed 3/22/04, Ct. Rec. 83, pp. 2-3) and proposed an additional instruction which set out the factors regarding predisposition as discussed in the Comment to the Ninth Circuit Instruction 6.2. Proposed Jury Instructions (Additional) filed 7/12/04, Ct. Rec. 125, p. 3. Finally, when the Court declined to include an entrapment instruction in the Court's Final Jury Instructions, defense counsel objected. Trial Transcript filed 12/29/04, Ct. Rec. 178, p. 438. The evidence was sufficient to show predisposition and that Mr. Patton possessed the lab equipment and had the knowledge and ability to manufacture the methamphetamine from the pseudoephedrine.

As to sentencing entrapment, again, there is no factual basis for an allegation that defense counsel failed to raise this issue. Defense counsel made a Motion for Downward Departure and filed a brief in support that was based on sentencing entrapment citing appropriate case law. Brief filed 10/19/04, Ct. Rec. 153. At the sentencing hearing, defense counsel argued for the downward departure based on sentencing entrapment. Transcript of Sentencing Hearing. filed 1/13/05, Ct. Rec. 180, p. 6-11. The Court, based on the evidence presented at trial, denied the Motion stating that "the facts don't even come close to justifying the court exercising its discretion" [on the motion for downward departure]. *Id.* pp. 17-18. The Ninth Circuit, on de novo review, affirmed that this Court properly found that Mr. Patton was not entrapped as a matter of law. Memorandum Decision, filed 10/7/05, Ct. Rec. 186. The Circuit also noted that the evidence did not support that the Government had induced Mr.

ORDER DENYING
MOVANT'S § 2255 MOTION - 7

Patton to engage in criminal activity. *Id.*  This allegation does not support the claim that defense counsel's performance was deficient.

**5. Failure to investigate presence of fingerprints on lab equipment.** Mr. Patton fails to explain how further investigation by defense counsel would have been helpful to Mr. Patton. Agent Gustin testified that they attempted to find fingerprints on the equipment but found none of evidentiary value. Transcript of Trial, filed 12/29/04, Ct. Rec. 176, p. 189. This allegation does not support the claim of ineffective assistance of counsel.

**6. Failure to call an expert to testify regarding the nor-pseudoephedrine.** Mr. Patton argues that defense counsel should have called an expert to testify to the fact that the pseudoephedrine was past its expiration date and to determine the actual content of the chemical. Defense counsel did file a Motion and Affidavit to have Drugs Sent to Independent Lab for Testing (Motion filed 4/22/04, Ct. Rec. 100). The Motion noted the expiration date was 03/2002 and that an independent analysis of the drug was necessary. The Motion was granted. Order filed 5/3/04, Ct. Rec. 106. The Government expert, Roger Ely, testified that the expiration date did not effect the amount of pure pseudoephedrine that was present in the case of pills and it could still be used to manufacture methamphetamine. Trial Transcript, filed 12/29/04, Ct. Rec. 176, p. 305. Mr. Patton produces no contrary evidence. There was no factual basis for calling an independent expert nor would it be sound trial strategy to call a defense expert witness who would agree with the Government's expert. Defense counsel's performance was not deficient related to this issue.

**7. Failure to move to suppress evidence seized from Mr. Patton's vehicle ten days after it was impounded.** Mr. Patton argues that defense counsel was ineffective for failing to move to suppress the evidence from a warrant-less search of the vehicle. There is no legal basis for this argument. The Ninth Circuit upheld this Court's decision to admit the drugs found in a flashlight seized a year after the impounding of the vehicle citing *United States v. Johnson,* 572 F.2d 227 (1978)(a vehicle search that occurred two weeks after the initial

ORDER DENYING
MOVANT'S § 2255 MOTION - 8

vehicle search was not unconstitutional).  Based on this case law it would have been futile for defense counsel to move to suppress the evidence.  Defense counsel is not required to raise merit-less issues.

**8. Failure to impeach the informant regarding his changed testimony on how he procured the lab equipment for manufacturing methamphetamine to show it was his equipment.** On direct examination of the informant, Donald Goodburn, the informant admitted telling two stories about how he came into possession of the lab equipment. Transcript of Trial , filed 12/29/04, Ct. Rec. 176, pp. 233-235.  He stated that the first wasn't right, what actually happened was what he said in the second story.  Both stories indicated that he obtained lab equipment from  Mr. Patton.  *Id.*  Despite Mr. Patton's allegations to the contrary, defense counsel did cross examine the informant on these conflicting statements, his drug manufacturing history and familiarity with the required lab equipment, that he needed money and received financial compensation for his work.  *Id.* pp. 239-247.  Moreover, Mr. Patton admitted having the equipment and to manufacturing methamphetamine. Considering Mr. Patton's admissions, it  would have been difficult to  impeach the informant regarding ownership of the laboratory equipment anymore than what counsel did.. This allegation does not support the ineffective assistance of counsel claim.

**9. Failed to impeach informant on issue that Mr. Patton did not provide the drug sample he said he would and that Mr. Patton had actually driven informant away when he requested to buy methamphetamine**. Defense counsel did cross examine the informant about his inability to get a sample from Mr. Patton.  Transcript of Trial, filed 12/29/04, Ct. Rec. 176, p. 242.  Mr. Patton fails to explain how further questioning on this issue would have assisted in his defense.  Similarly, even if the event regarding the rejected drug sale occurred as Mr. Patton now states, that would not be significantly probative on the issue of whether on June 26, 2003, he possessed pseudoephedrine with the intent to manufacture methamphetamine.

ORDER  DENYING
MOVANT'S § 2255 MOTION - 9

In a supplemental Motion to Compel, Mr. Patton asks for the disclosure of any evidence of a Government attempt to make a controlled buy from him. That information is not relevant to the Court's inquiry on this motion. Counsel's performance related to this issue was not deficient.

**10. Failed to request a mistrial or ask for a directed verdict.** At the end of the Government's case in chief and the end of the trial, neither defense attorney made a Rule 29 motion. On such a motion the Court would consider the sufficiency of the evidence and determine, whether viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Mr. Patton fails to identify the basis for a Rule 29 motion, and no authority is presented that counsel's failure to so move, is per se ineffective assistance of counsel. Moreover, as will be discussed later, the evidence in this case was sufficient so a motion based on insufficient evidence would have been denied.

**11. Failed to preserve issues for appeal - voluntariness of a waiver of counsel and week long delay before search of vehicle.** As previously discussed, counsel did file a motion to suppress statements based on voluntariness which did preserve that issue for appeal. Counsel did not make a motion to suppress the evidence obtained in the vehicle search one week after the vehicle was seized, but Mr. Patton has failed to cite authority that would have provided a good faith basis for such a motion.

The Court concludes that defense counsel was not ineffective in his assistance to Mr. Patton. Many of the allegations raised do not have a basis in fact, and many of the legal issues were address by the Ninth Circuit on appeal. Mr. Patton received a fair trial that produced a just result. In sum, Mr. Patton has failed to show that his counsel's performance was deficient or that he was prejudiced and this ground for relief must be dismissed.

**B. Prosecutorial Misconduct.** Mr. Patton asserts that his due process rights were violated because the prosecutor engaged in misconduct by: 1) knowingly presenting false

ORDER DENYING
MOVANT'S § 2255 MOTION - 10

testimony of the informant and bolstering it with hearsay testimony of two special agents; 2) failing to turnover all relevant exculpatory evidence related to the informant; 3) presenting evidence of his statement that was obtained in violation of his *Miranda* rights; and 4) by depriving him of counsel.

Prosecutorial misconduct will rise to the level of a due process violation if the conduct is deemed prejudicial under the harmless error test set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). *Shaw v. Terhune,* 380 F.3d 473, 478 (9th Cir. 2004). The court is to independently evaluate whether an error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637.

The allegations of prosecutorial misconduct in this case are not prejudicial under the harmless error test. First, although the informant's first story and second story about how he came into possession of the lab equipment was different, he always maintained that the equipment came from Mr. Patton. He testified that his first story was not right. It should be noted that the second story was consistent with Mr. Patton's statement.  This was not false testimony. Second, as to the alleged failure to disclose exculpatory evidence relating to the informant, Mr. Patton fails to identify what relevant evidence was withheld. This allegation, without factual support,  is insufficient to establish prejudice.   Third, Mr. Patton asserts his statements  presented at trial were obtained in violation of his *Miranda* rights. This assertion is neither factually nor legally correct.   At an evidentiary hearing on Defendant Patton's Motion to Suppress Statements, conducted  July 8, 2004,  this Court concluded that "there were no improper inducements or promises made to the Defendant that would result in the Defendant's statements being involuntary after proper *Miranda* warning were given during his two interviews." Order filed 7/9/04, Ct. Rec. 124, p. 2. The Ninth Circuit affirmed on this issue. Memorandum Decision, filed 10/07/05, Ct. Rec. 186, p. 2. Finally, Mr. Patton asserts that the prosecutor deprived him of counsel. Mr. Patton was represented throughout this case by counsel, so there is no basis for this allegation except as it relates to his assertion that he

ORDER DENYING
MOVANT'S § 2255 MOTION - 11

1  did not waive counsel during the interrogation by DEA agents.  That issue has already been
2  addressed.  Accordingly, Mr. Patton's second ground for relief on this § 2255 must be
3  dismissed as he has failed to establish prosecutorial misconduct.

4  **C. Sufficiency of the Evidence.**  Mr. Patton argues that the Court abused its discretion
5  by failing to dismiss the case against him for insufficiency of the evidence.  Specifically he
6  asserts that 1) he was entrapped; 2) there was no evidence that linked him to the lab
7  equipment; 3) the entire case was based on uncorroborated testimony of a paid informant who
8  was a drug manufacturer and dealer; and 4) he had no criminal history that would support a
9  predisposition to manufacture methamphetamine.

10  Sufficient evidence to support a conviction exists if "a reasonable jury, after viewing
11  the evidence in the light most favorable to the government, could have found the defendants
12  guilty beyond a reasonable doubt of each essential element of the crime charged." *United*
13  *States v. Hernandez,* 876 F.2d 774, 777 (9th Cir. 1989).  Here the essential elements were:
14  1) that Mr. Patton knowingly possessed pseudoephedrine; 2) that pseudoephedrine is a listed
15  chemical; and 3) Mr. Patton possessed it with the intent to manufacture methamphetamine.
16  See Jury Instructions, filed 8/2/04, Ct. Rec 146, Instruction 7.

17  The evidence presented at trial proved without a doubt that Mr. Patton knowingly
18  possessed the pseudoephedrine and that it is a listed chemical.  The Court's memory of the
19  trial and the record in this case establish that there was also sufficient evidence from which
20  a reasonable jury could find that Mr. Patton possessed it with the intent to manufacture
21  methamphetamine.  See *Gustave. V. United States,* 627 F.2d 901, 903 (9th Cir. 1080)(on a §
22  2255 motion a judge may rely on his/her own memory of the trial).

23  As to Mr. Patton's four assertions, it must be noted first, that both this Court and the
24  Ninth Circuit ruled as a matter of law that Mr. Patton was not entrapped.  Second, on the
25  recorded calls Mr. Patton discussed ownership of the lab equipment so there was a connection
26  between him and the equipment.  Third, the evidence against Mr. Patton was not solely from

ORDER DENYING
MOVANT'S § 2255 MOTION - 12

the informant, but also included recorded conversations, physical evidence of laboratory equipment and pseudoephedrine, and Mr. Patton's statements to the undercover officer. Finally, as to predisposition, the evidence established and this Court found, that Mr. Patton had the predisposition and capability to commit the crime charged. Accordingly, Mr. Patton's third ground for relief on this § 2255 must be dismissed, as the evidence was sufficient to convict him of the charged crime.

**D. Supplemental Motions.**  Rather than file a reply to the Government's response to the § 2255 Motion, Mr. Patton chose to file supplemental motions before the Government's response was filed. The Motions for Evidentiary Hearing, to Expand the Record and to Compel, for the most part are a re-statement of allegations and issues included in the underlying Motion. The Court will only address the unique issues raised by these motions that have not already been discussed..

Mr. Patton requested that the record be expanded to include the trial docket and the transcripts of hearings and trial. No expansion of the record was necessary as these are a part of the record. Mr. Patton also requested that the record be expanded to include the agent's field notes and notes related to Mr. Patton's confession and the chemical analysis of the pills. This evidence was covered by testimony at trial and expansion of the record is not necessary to decide the underlying § 2255 Motion. Finally, Mr. Patton requests mitigating evidence regarding the failure of the Government to search Mr. Patton's mother's home - since there was no evidence it was used to manufacture drugs. Any evidence of this nature was irrelevant to the crime charged and not necessary to decide the Motion before the Court.

### III. CONCLUSION

Mr. Patton raised three grounds for relief on this § 2255 Motion. The Court concludes that none of the grounds support the requested relief and that an evidentiary hearing is not required.

### IV. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's preceding analysis, the Court concludes: (1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and (2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that:

1. Mr. Patton's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, filed October 24, 2005, **Ct. Rec. 189**, is **DENIED**.

2. Mr. Patton's First Motion to A) Expand Record, B) Compel Production, filed June 9, 2006, **Ct. Rec. 215**, and Amended Motion to Expand Record, filed June 12, 2006, **Ct. Rec. 228**, and Amended Motion to Compel Discovery, filed June 12, 2006, **Ct. Rec. 223**, are **DENIED**.

3. Mr. Patton's First Motion for Evidentiary Hearing, filed June 9, 2006, **Ct. Rec. 218**, and Amended Motion for Evidentiary Hearing, filed June 12, 2006, **Ct. Rec. 225**, are **DENIED**.

1  The District Court Executive is directed to:

2  • File this Order;

3  • Provide copies to counsel of record;

4  • Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of
5    Appeal that a certificate of appealability is **DENIED**; and

6  • **CLOSE** the corresponding civil file, **CV-05-3111-WFN**.

7  **DATED** this _____ day of August, 2006.

10  07-20
                                                      WM. FREMMING NIELSEN
                                      SENIOR UNITED STATED DISTRICT JUDGE

ORDER - 15