UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　-vs-<br><br>ANDREW DEAN PATTON,<br><br>　　　　　Movant. | NOS. CR-03-2115-WFN-1<br>　　　CV-05-3111-WFN<br><br>ORDER |

Before the Court is Mr. Patton's Motion for Order to Reconsider [Court's Order Denying Mr. Patton's § 2255 Motion], filed August 11, 2006 (Ct. Rec. 239). A memorandum in Support of the Motion to Reconsider (Ct. Rec. 240) and a Declaration from Mr. Patton (Ct. Recs. 242 and 250) were also presented by appointed counsel Dawn Reynolds. Assistant United States Attorney James Hagarty responded August 14, 2006 (Ct. Rec. 243). Ms. Reynolds did not file a reply in the time provided by Local Rule.

The Court has reviewed the file and the briefing on the Motion to Reconsider and is fully informed. For the reasons stated below, the Motion to Reconsider is denied.

**BACKGROUND**

The background of this case is fully set forth in the Court's Order Denying Mr. Patton's § 2255 Motion (Ct. Rec. 239) and will not be repeated here.

**DISCUSSION**

Mr. Patton argues that the Court must reconsider its Order denying his § 2255 Motion because he is entitled to an evidentiary hearing. The major grounds for granting a motion to

ORDER - 1

reconsider are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School Dist. No. 1J, Multnomah Co., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here the Motion to Reconsider does not present any intervening change of controlling law or offer new evidence that was not available when the § 2255 Motion was considered. Thus the only proper ground for reconsideration would be if the Court committed clear error or the Court's ruling on the § 2255 Motion would cause manifest injustice.

The Court has reviewed the arguments and assertions presented by Mr. Patton on his Motion to Reconsider. There are no new facts or issues raised that were not previously raised and addressed by the Court's Order. A motion for reconsideration is not appropriately brought to present arguments already considered by the Court, *Backland v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or to introduce evidence previously available or to offer new legal theories. *Christie v. IOPA*, 176 F.3d 1231, 1239 n.5 (9th Cir.), *cert. denied*, 528 U.S. 928 (1999). Accordingly, the Motion to Reconsider fails to clear this threshold consideration.

In addition however, the Court does not believe that reconsideration is required to correct clear error or prevent manifest injustice. The primary issue on the § 2255 Motion was whether Mr. Patton had received ineffective assistance of counsel. Mr. Patton asserts *inter alia* that there are facts outside the record that he should be allowed to develop at an evidentiary hearing, specifically that he asked for an attorney, did not waive his rights, and did not confess to the interviewing agents. Even if those claims were factually true however, that would not be sufficient to establish that Mr. Patton received ineffective assistance of counsel. The question is what his attorney did related to the alleged statements to the agents. Mr. Patton asserts that his attorney did not raise these issues except in a motion in limine and he further asserts that he was not afforded an opportunity to testify. The assertions are not supported by the record. Once again Mr. Patton fails to acknowledge the fact that his attorney filed a Motion to Suppress Statements (Ct Rec. 109) and that an evidentiary hearing was held

ORDER - 2

1 on the Motion with Mr. Patton present (Ct. Rec. 124). Defense Counsel then filed a Motion
2 in Limine related to the Statements (Ct. Rec. 81) which the Court denied at the final pretrial
3 conference (Ct. Rec. 142 ¶ 9). The record establishes that Mr. Patton's attorney tried twice
4 to get the alleged statements suppressed. The strategic decision to not call Mr. Patton to
5 testify is one that the Court will not second guess. The fact that the attorney was unsuccessful
6 in his attempts to suppress the statements does not mean Mr. Patton received ineffective
7 assistance of counsel. Accordingly,

**IT IS ORDERED** that:

1. Mr. Patton's Motion for Order to Reconsider [Court's Order Denying Mr. Patton's § 2255 Motion], filed August 11, 2006, **Ct. Rec. 239**, is **DENIED**.

2. The Court's denial of a certificate of appealability, which was included in the Order Denying Movant's § 2255 Motion, applies equally to the denial for the Motion for Reconsideration.

The District Court Executive is directed to file this Order and provide copies to counsel of record and inform the Ninth Circuit Court of Appeals that if the Movant files a notice of appeal, that a certificate of appealability is **DENIED**.

**DATED** this 13th day of September, 2006.

                                           s/ Wm. Fremming Nielsen
                                             WM. FREMMING NIELSEN
09-15                       SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3